**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
aapton@zlk.com
515 South Flower Street
18th and 19th Floors
Los Angeles, CA 90071
Tel: (213) 985-7290

*Attorneys for Mitchell Lvovsky,*
*individually and on behalf of Premium*
*Coastal Investments LLC and ALM*
*Sababa Investments LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN HERN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDRIA REAL ESTATE EQUITIES, INC., PETER M. MOGLIA, MARC E. BINDA, and JOEL S. MARCUS,<br><br>Defendants. | No.: 2:25-cv-11319-GHW-AGR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Hon. George H. Wu<br>Date: February 23, 2026<br>Time: 8:30 a.m.<br>Courtroom #9D |

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON

BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT..................................................................................1

II.     STATEMENT OF FACTS.....................................................................................3

III.    ARGUMENT ........................................................................................................5

    A.      MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE................................................................................................5

        1.      The Procedure Required by the PSLRA ...........................................5

    B.      Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ...........................................................................................9

    C.      APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE..............................................................................................14

IV.     CONCLUSION ...................................................................................................15

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

ii

# TABLE OF AUHTORITIES

**Cases**

*Crawford v. Honig,*

    37 F.3d 485 (9th Cir. 1994)..................................................................................11

*Ferrari v. Gisch,*

    225 F.R.D. 599 (C.D. Cal. 2004) .........................................................................9

*Gen. Tel. Co. of the Southwest v. Falcon,*

    457 U.S. 147 (1982) .............................................................................................10

*Gurevitch v. KeyCorp, et al.,*

    No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ..................................................15

*Hanlon v. Chrysler Corp.,*

    150 F.3d 1011 (9th Cir. 1998)...............................................................................9

*Haung v. Acterna Corp.,*

    220 F.R.D. 255 (D. Md. 2004)..............................................................................8

*In re Cavanaugh,*

    306 F.3d 726 (9th Cir. 2002)........................................................................2, 6, 8

*In re Drexel  Burnham Lambert Group,*

    960 F.2d 285 (2d Cir. 1992)................................................................................10

*In re E-Trade Financial Corp.* Securuties Litigation,

    No. 07-cv-8538 (S.D.N.Y.)..................................................................................13

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

iii

*In re Milestone Sci. Sec. Litig.*,

  183 F.R.D. 404 (D.N.J. 1998) ...................................................................................8

*In re Oxford Health Plans, Inc. Sec. Litig.*,

  182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................................9

*In re Tesla Inc. Securities Litigation,*

  No. 3:18-cv-4865 (N.D. Cal.) .................................................................................13

*In re U.S. Steel Securities Litigation,*

  No. 2:17-579-CB (W.D. Pa.) ..................................................................................13

*Jaramillo v. Dish Network Corporation, et al.*,

  No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023) ........................................................14

*Maiden v. Merge Techs., Inc.*,

  No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)........6

*Martin v. BioXcel Therapeutics, Inc. et al.,*

  No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ..........................................................14

*Petersen v. Stem, Inc. et. al.,*

  No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) .......................................................14

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.,*

  No. 1:23-cv-02764 (N.D. Ill. July 11, 2023).........................................................14

*Robidoux v. Celani*,

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

iv

987 F.2d 931 (2d Cir. 1993)........................................................................................9

*Solomon v. Peloton Interactive, Inc. et al.,*

    No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) .....................................................15

*Takeda v. Turbodyne Techs., Inc.,*

    67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ...............................................................8

*Thant v. Rain Oncology Inc. et al.,*

    5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ...........................................................14

*Thant v. Veru, Inc. et al.,*

    No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)....................................................15

*Villanueva v. Proterra Inc. et al.,*

    No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ...................................................14

*Weiss v. York Hosp.,*

    745 F.2d 786 (3d Cir. 1984)......................................................................9, 10

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................passim

**Rules**

Fed. R. Civ. P. 23 ..............................................................................................passim

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

v

## I.    PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action lawsuit (the "Action")[1] brought on behalf of all investors who purchased or otherwise acquired Alexandria Real Estate Equities, Inc. ("Alexandria" or the "Company") securities between January 27, 2025 to October 27, 2025, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company, Peter M. Moglia ("Moglia"), Marc E. Binda ("Binda"), and Joel S. Marcus ("Marcus") (collectively, "Defendants").[2]

Movant Mitchell Lvovsky, individually and on behalf of Premium Coastal Investments LLC and ALM Sababa Investments LLC (collectively "Movant")[3] lost

---

[1] The above-captioned action pending in this Court is entitled *Hern v. Alexandria Real Estate Equities, Inc., et al.,* C.A. No. 2:25-cv-11319-GHW-AGR (C.D. Cal. Nov. 25, 2025) (the "*Hern* Action").

[2] The Action alleges violations under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

[3] Movant has received a valid assignment of claims from his wife, Carly Lvovsky, that transfers all rights and title to prosecute all causes of action relating to her transactions in Alexandria securities prior to the filing of this motion.

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC
Case No. 2:25-cv-11319-GHW-AGR

approximately $18,251.00 as a result of the alleged fraud during the Class Period. Movant respectfully submits this memorandum of law in support of his motion for (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (b) for approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

The PSLRA directs the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant satisfies both requirements.

Movant believes that he has the largest financial interest in the outcome of the case.[4] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the

---

[4] Movant's certification identifying his transactions during the Class Period and a chart detailing his losses are attached to the Declaration of Adam M. Apton, dated January 26, 2026 ("Apton Decl."), as Exhibits A, and B, respectively.

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

2

Class, and he will fairly and adequately represent the interests of the Class.[5]

Accordingly, Movant respectfully submits that he should be appointed Lead Plaintiff. Additionally, Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed class should be approved by this Court.

## II.    STATEMENT OF FACTS[6]

Alexandria is a real estate investment trust (REIT) specializing in life-science real estate with a focus on lab space, research facilities and offices for tenants in the pharmaceutical, biotech, and agricultural technology industries. ¶ 20.

The statements in Paragraphs 22 to 35 of the *Hern* Complaint were false and/or materially misleading. ¶ 36. Defendants created the false impression that they possessed reliable information pertaining to the Company's leasing spreads, development tenant pipeline, and anticipated occupancy growth for its life-science

---

[5] The Action excludes from the Class the Defendants, officer and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[6] Citations to "¶_" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Hern* Complaint") filed in the *Hern* Action. The facts set forth in the *Hern* Complaint are incorporated herein by reference.

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

3

properties, specifically its LIC property while also minimizing risk from macroeconomic fluctuations. *Id.* In truth, the Company's LIC value and potential growth as a life-science destination had been declining for years. *Id.* Alexandria's optimistic reports of the Company's development pipeline, high occupancy rates in North America and anticipated leasing growth utilizing the Company's Megacampus™ strategy fell short of reality as Defendants overstated its LIC property's value as a life-science destination and downplayed its declining leasing value and occupancy stability. *Id.*

On October 27, 2025, Defendants released their third quarter financial results for 2025 that were below expectations and in particular, cut its FFO guidance for the full-year 2025. The release detailed the setback to lower occupancy rates, slower leasing activity and most notably, a real estate impairment charge of $323.9 million with $206 million attributed to its LIC property. ¶ 37.

During the accompanying earnings call held on October 28, 2025, CFO Binda elaborated on the setbacks, highlighting the challenging macro environment and discussing the significant real estate impairment relating to the Company's investment of its LIC property. ¶ 38.

During the question-and-answer portion of the call, Defendants elaborated on the Company's setback with regard to the impairment setback, recent tenant activity and potential demand in the near future for its real estate assets. ¶ 39.

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

4

On October 29, 2025, Defendants filed a Form 8-K with the SEC. ¶ 40.

The aforementioned press releases, SEC filings and statements made by the Individual Defendants are in direct contrast to statements they made during the January 28, April 29, July 22, 2025 earnings and shareholder calls. ¶ 41. On those calls, Defendants continually touted the Company's solid leasing spreads and occupancy rates in North American, development tenant pipeline, and anticipated occupancy growth for its life-science properties, specifically its LIC property. *Id.* All-the-while Defendants downplayed the fact that its LIC property's lease value and occupancy stability had been declining for years. *Id.*

Investors and analysts reacted immediately to Alexandria's revelation. ¶ 42. The price of Alexandria's common stock declined dramatically. *Id.* From a closing market price of $77.87 per share on October 27, 2025, Alexandria's stock price fell to $62.94 per share on October 28, 2025, a decline of about 19% in the span of just a single day. *Id.*

## III. ARGUMENT

### A. MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE

#### 1. The Procedure Required by the PSLRA

Once the Court decides the motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

5

4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

6

fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### a. Movant Is Willing to Serve As Class Representative

On November 25, 2025, Levi & Korsinsky, counsel in the *Hern* Action, caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Alexandria and certain of its officers and directors, and which advised putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as a lead plaintiff in the *Hern* Action.[7]

Movant has reviewed the complaint filed in the *Hern* Action and has timely filed his motion pursuant to the Notice.

---

[7] The *Hern* Action was filed in this Court on November 25, 2025. On the same day, the Notice was published over *Globe Newswire*, a widely-circulated national business- oriented wire service. *See* Apton Decl. Ex. C.

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

7

### b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The Movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh*, 306 F.3d at 732).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90 day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90 day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movant purchased Alexandria securities in reliance upon the materially false and misleading statements issued by defendants, and was injured thereby. During the Class Period, Movant: (1) purchased 819 shares of

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

8

Alexandria stock; (2) expended $49,837.77 on his purchases of Alexandria securities; (3) retained 609 shares of Alexandria securities through the end of the Class Period; and (4) suffered a substantial loss of $18,251.00 in connection with his purchases of Alexandria securities. *See* Apton Decl. Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**B.      Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1)   the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

9

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc*., 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp*., 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig*., 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

10

injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other Class members, acquired Alexandria securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other Class members because Movant suffered losses similar to those of other Class members and his losses result from Defendants'

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

11

common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of Movant to whether the interests of Movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of Movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other Class members. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the Class members, demonstrates that he will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

12

Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

Moreover, Mr. Lvovsky considers himself to be a sophisticated investor. *See* Apton Decl., Ex. D (Movant's Declaration in support of his motion). He is the principal of Premium Coastal and ALM Sababa. *Id*. As principal, he is individually authorized to act on behalf of Premium Coastal and ALM Sababa in all respects, including this lawsuit. *Id*. All transactions in Alexandria made in the Premium Coastal and ALM Sababa accounts that are the subject of the Action were executed by Mr. Lvovsky. *Id*. He also individually invested in Alexandria. *Id*. Mr. Lvovsky resides in Fort Lauderdale, Florida and possesses a Bachelor of Science in Marketing. *Id*. He is currently employed as a Real Estate Broker at Cutting Edge Investments & Realty. *Id*. He also invests in real estate through Premium Coastal and ALM Sababa. *Id*. Further, Movant has experience overseeing attorneys, as he has hired attorneys for real estate and insurance related matters. *Id*. Accordingly,

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

13

Movant meets the adequacy requirement of Rule 23.

### C. APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, are well-qualified to represent the Class, and have worked numerous times to achieve favorable settlements on behalf of shareholders. *See* Apton Decl. Ex. E (Levi & Korsinsky's firm resume, respectively). Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp*. Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,*

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

14

No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.*, No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.*, No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.*, No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.*, No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.*, No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, this Court may be assured that in the event that Movant's Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an order: (1) appointing Movant as Lead Plaintiff; and (2) approving Levi & Korsinsky as Lead Counsel for the Class.

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

15

Dated: January 26, 2026

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Adam M. Apton*

Adam M. Apton (SBN 316506)
aapton@zlk.com
515 South Flower Street
18th and 19th Floors
Los Angeles, CA 90071
Tel: (213) 985-7290

*Proposed Lead Counsel for Mitchell Lvovsky, individually and on behalf of Premium Coastal Investments LLC and ALM Sababa Investments LLC*

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

16

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Mitchell Lvovsky, individually and on behalf of Premium Coastal Investments LLC and ALM Sababa Investments LLC, certifies that this brief contains 3,164 words, which complies with the word limit of L.R. 11-6.1.

Executed on January 26, 2026.

/s/ Adam M. Apton
Adam M. Apton

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

17

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 515 South Flower Street, 18th and 19th Floors, Los Angeles, CA 90071. I am over the age of eighteen.

On January 26, 2026, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on January 26, 2026.

/s/ Adam M. Apton
Adam M. Apton

MEMORANDUM OF POINTS AND AUTHORITIES OF MITCHELL LVOVSKY, INDIVIDUALLY AND ON BEHALF OF PREMIUM COASTAL INVESTMENTS LLC AND ALM SABABA INVESTMENTS LLC

Case No. 2:25-cv-11319-GHW-AGR

18