Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
  clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
  prajesh@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Lawrence Galladay*

[Additional Counsel of Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN HERN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDRIA REAL ESTATE EQUITIES, INC., PETER M. MOGLIA, MARC E. BINDA, and JOEL S. MARCUS, <br><br> Defendants. | Case No. 2:25-cv-11319-GW-AGR <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LAWRENCE GALLADAY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** <br><br> Date: February 23, 2026 <br> Time: 8:30 a.m. <br> Crtrm.: 9D <br> Judge: George H. Wu |

Lawrence Galladay ("Galladay"), submits this memorandum of law in support of his motion to for appointment as Lead Plaintiff and approval of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), on behalf of a putative class (the "Class") of all persons and entities that purchased or otherwise acquired Alexandria Real Estate Equities, Inc. ("Alexandria" or the "Company") securities between January 27, 2025 and October 27, 2025, inclusive (the "Class Period").

## I.      PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Galladay is the "most adequate plaintiff" as defined by the PSLRA.

Galladay has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Galladay satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Galladay respectfully submits that he is the presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Galladay's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LAWRENCE GALLADAY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

1

## II.  FACTUAL BACKGROUND

Alexandria is a real estate investment trust (REIT) specializing in life-science real estate with a focus on lab space, research facilities and offices for tenants in the pharmaceutical, biotech, and agricultural technology industries. Alexandira owns, operates and develops collaborative Megacampus™ ecosystems in life science innovation cluster locations including Greater Boston, the San Francisco Bay Area, San Diego, Seattle, Maryland, Research Triangle, and New York City.

The complaint alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) the Company's Long Island City ("LIC") value and potential growth as a life-science destination had been declining for years; (2) the Company overstated its LIC property's value as a life-science destination and downplayed its declining leading value and occupancy stability; and (3) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On October 27, 2025, after market hours, Alexandria released its third quarter 2025 financial results, missing consensus estimates and cutting its full year FFO guidance "primarily due to lower investment gains and lower same-property performance driven by lower occupancy." Additionally, the Company disclosed a real estate impairment charge of $323.9 million with $206 million attributed to its LIC property.

On this news, Alexandria's stock price fell $14.93, or 19.2%, to close at $62.94 per share on October 28, 2025, thereby injuring investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, members of the Class have suffered significant losses and damages.

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LAWRENCE GALLADAY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

2

## III.   ARGUMENT

### A.   Galladay Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Galladay has complied with all the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff.  Galladay, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Rule 23, and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Galladay respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LAWRENCE GALLADAY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

3

plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1. Galladay Filed A Timely Motion

On November 25, 2025, notice was published pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A). *See* Declaration of Charles H. Linehan in Support of the Motion of Lawrence Galladay for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linehan Decl."), Ex. A. Therefore, Galladay had sixty days (*i.e.*, until January 26, 2026), to file a motion to be appointed as Lead Plaintiff. As a purchaser of Alexandria securities during the Class Period, Galladay is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Galladay attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the Class. *See* Linehan Decl., Ex. B. Accordingly, Galladay satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. Galladay Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added).

At the time of this filing, Galladay believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff. Galladay purchased Alexandria securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $71,581.55. *See* Linehan Decl., Ex. C. To the best of his knowledge, Galladay is not aware of any other Class

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LAWRENCE GALLADAY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

4

member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Galladay believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

**3.  Galladay Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730)); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LAWRENCE GALLADAY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

5

Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a)   Galladay's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Galladay's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Galladay suffered losses as a result of his Alexandria transactions during the Class Period. Like all members of the Class, Galladay alleges that the Defendants violated federal securities laws by disseminating materially misleading statements concerning Alexandria's operations and financial prospects. Galladay's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Alexandria's share price caused by the Defendants' alleged misrepresentations and omissions. Accordingly, Galladay's interests and claims are typical of the interests and claims of the Class.

### b)   Galladay Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LAWRENCE GALLADAY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

6

interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

Here, Galladay satisfies the adequacy requirements. "[N]o evidence exists to suggest that [he is] antagonistic to other members of the class or [his] attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Galladay resides in Matawan, New Jersey, and has managed his own investment account for approximately ten years. Galladay has 36 years of experience as an operating engineer in New York City. Moreover, Galladay has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (GPM firm résumé). As such, Galladay is adequate to represent the Class and should be appointed as lead plaintiff.

### B.    The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Galladay has retained GPM to pursue this litigation on his behalf and will retain the firm as lead counsel in the event Galladay is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit D, the Court may be assured that, by granting Galladay's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Galladay's selection of counsel.

## IV.    CONCLUSION

For the foregoing reasons, Galladay respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Galladay as Lead Plaintiff; (2)

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LAWRENCE GALLADAY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

7

approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated:  January 26, 2026                    Respectfully submitted,

                                            **GLANCY PRONGAY & MURRAY LLP**

                                            By: *s/ Charles H. Linehan*
                                            Robert V. Prongay
                                            Charles H. Linehan
                                            Pavithra Rajesh
                                            1925 Century Park East, Suite 2100
                                            Los Angeles, California 90067
                                            Telephone: (310) 201-9150
                                            Facsimile: (310) 201-9160
                                            Email:  clinehan@glancylaw.com

                                            *Counsel for Lead Plaintiff Movant Lawrence Galladay, and Proposed Lead Counsel for the Class*

                                            **THE LAW OFFICES OF FRANK R. CRUZ**
                                            Frank R. Cruz
                                            1999 Avenue of the Stars, Suite 1100
                                            Los Angeles, CA 90067
                                            Telephone: (310) 914-5007

                                            *Additional Counsel*

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LAWRENCE GALLADAY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

8

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Lawrence Galladay, certifies that this brief contains 2,202 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 26, 2026          *s/ Charles H. Linehan*
                                 Charles H. Linehan

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On January 26, 2026, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2026, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan