Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Brian Schall (SBN 290685)
**THE SCHALL LAW FIRM**
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (213) 519-5876
Email: brian@schallfirm.com

*[Proposed] Co-Lead Counsel for Co-Lead Plaintiffs and for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN HERN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDRIA REAL ESTATE EQUITIES, INC., PETER M. MOGLIA, MARC E. BINDA, and JOEL S. MARCUS,<br><br>Defendants. | Case No. 2:25-cv-11319-GW-AGR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: George H. Wu<br>HEARING: February 23, 2026<br>TIME: 08:30 a.m.<br>CTRM: 9D, 9th Floor |

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-cv-11319-GW-AGR

# TABLE OF CONTENTS

I.  PERTINENT BACKGROUND .......................................................................4

II. THE GROUP MEMBERS SHOULD BE APPOINTED CO-LEAD
    PLAINTIFFS .......................................................................................6

  A.  The Investor Group is Willing to Serve as Class Representative............7

  B.  The Investor Group has the Largest Financial Interest in the Action....8

  C.  The Investor Group Satisfies the Requirements of Rule 23 of the
    Federal Rules of Civil Procedure ...............................................8

  D.  The Investor Group Will Fairly and Adequately Represent the
    Interests of the Class and is Not Subject to Unique Defenses................11

III. THE INVESTOR GROUP'S SELECTION OF COUNSEL SHOULD
    BE APPROVED ..................................................................................11

IV. CONCLUSION....................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002)...................................................................7, 8, 9, 10

*In re Mersho*,
  6 F.4th 891 (9th Cir. 2021)...............................................................................10

*Pampena v. Musk*,
  2023 WL 3082341, (N.D. Cal. Apr. 24, 2023).....................................................10

*Richardson v. TVIA*,
  2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)..................................................8, 10

**Statutes**

15 U.S.C. §78u-4(a) ...................................................................................passim

**Rules**

Fed. R. Civ. P. 23 ....................................................................................7, 9, 10

3

## MEMORANDUM OF POINTS AND AUTHORITIES

Patrick Gryson, Kevin O'Donnell, and Ronald Sofen (together, the "Investor Group") respectfully submits this memorandum in support of their motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing the Investor Group as Co-Lead Plaintiffs for all purchasers or acquirers of Alexandria Real Estate Equities, Inc. ("Alexandria" or the "Company") securities between January 27, 2025 and October 27, 2025, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing The Rosen Law Firm, P.A. ("Rosen Law") and The Schall Law Firm ("Schall Law") as Co-Lead Counsel for the Class.

## I.   PERTINENT BACKGROUND

On November 25, 2025, this action was commenced against Defendants Alexandria, Peter M. Moglia, Marc E. Binda, and Joel S. Marcus for violations under the Exchange Act with a Class Period of January 27, 2025 to October 27, 2025. That same day, a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff was

issued. A copy of the early notice is attached as Exhibit 1 to the Declaration of Brian Schall filed herewith ("Schall Decl." or "Schall Declaration").

Defendant Alexandria is a real estate investment trust (REIT) that specializes in life-science real estate. It focuses on lab space, research facilities, and offices for tenants in the pharmaceutical, biotech, and agricultural technology industries. Further, Alexandria owns, operates and develops collaborative Megacampus™ ecosystems in life science innovation cluster locations around the United States.

According to the complaint, Defendants provided investors with material information concerning Alexandria's expected revenue and FFO (funds from operations) growth for the 2025 fiscal year, particularly as it related to the growth of Alexandria's real estate operations. Defendants' statements included, among other things, confidence in Alexandria's lease activity, occupancy stability and ability to develop its tenant pipeline.

Defendants, the complaint alleges, provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the true state of Alexandria's Long Island City ("LIC") property; notably, Alexandria's claims and confidence about the leasing value of the LIC property as a life-science destination that aligned with the Megacampus™ strategy.

5

Then, on October 27, 2025, after market close, Alexandria unveiled below-expectation financial results for the third quarter of fiscal year 2025 and also cut its FFO guidance for the full-year 2025. The Company attributed the setback to lower occupancy rates, slower leasing activity and most notably, a real estate impairment charge of $323.9 million with $206 million attributed to its LIC property.

On this news, Alexandria stock fell from $77.87 per share on October 27, 2025 to $62.94 per share on October 28, 2025.

As a result of Defendants' wrongful acts and omissions, and the dramatic decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

## II.  THE GROUP MEMBERS SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

6

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice …;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, the Investor Group satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and so the members should be appointed as Co-Lead Plaintiff.

**A.    The Investor Group is Willing to Serve as Class Representative**

The Investor Group has made a timely motion in response to a PSLRA early notice. *See* Schall Decl., Ex. 1. Additionally, as set forth in their PSLRA certifications, each member attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Schall Decl., Ex. 2. Accordingly, the Investor Group satisfies the first requirement to serve as Lead Plaintiff for the class.

7

**B.**     **The Investor Group has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

The Investor Group collectively lost approximately $275,869.16 in connection with purchases of Alexandria securities. Individually, Gryson lost $136,233.38, O'Donnell lost $90,852.00, and Sofen lost $48,783.78. *See* Schall Decl., Ex. 4. The Investor Group is not aware of any other movant that has suffered greater losses in Alexandria securities during the Class Period. Accordingly, the Investor Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.**     **The Investor Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise

8

satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Fed. R. Civ. P. 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that the Investor Group satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that the Group satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

The Investor Group fulfills all of the pertinent requirements of Rule 23. The Investor Group shares substantially similar questions of law and fact with the members of the class, and its claims are typical of the members of the class. The Investor Group and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements about Alexandria and its business. The Investor Group's members, as did all of the members of the class, purchased the Company's securities at prices artificially inflated due to defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

The Investor Group constitutes an appropriate group movant of the type courts routinely appoint to serve as Co-Lead Plaintiffs. *See, Pampena v. Musk*, 2023 WL 3082341 at *1, (N.D. Cal. Apr. 24, 2023) (appointing group without pre-existing relationship) (citing and quoting *In re Mersho*, 6 F.4th 891, 901 (9th Cir. 2021) ("the Ninth Circuit held that 'misgivings about how [a group] would work together' do not 'cast genuine and serious doubt on [the] plaintiff's willingness or ability to perform the functions of lead plaintiff.'").

Thus, the close alignment of interests between the Investor Group and other class members, as well as the Investor Group's desire to prosecute this action on

10

behalf of the class, provides ample reason to appoint the Investor Group as Lead Plaintiff.

### D.   The Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing the Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Investor Group's ability and desire to fairly and adequately represent the class has been discussed above. The Investor Group is not aware of any unique defenses that defendants could raise against it that would render the Investor Group inadequate to represent the Class. Accordingly, the Court should appoint the Investor Group as Lead Plaintiff for the Class.

The biographical information for each Investor Group member is contained in the Joint Declaration filed herewith. Schall Decl., Exhibit 5.

### III.   THE INVESTOR GROUP'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law and Schall Law as Co-Lead Counsel. The firms have been actively researching the class' and Movant's claims including reviewing publicly available financial and other documents and gathering information in support of the claims against the defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions. The firms have prosecuted securities fraud class actions and other complex litigations and have obtained substantial recoveries on behalf of investors. *See* Schall Decl., Exs. 6, 7.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1)  appointing the Investor Group members as Co-Lead Plaintiff of the class; (2) approving Rosen Law and Schall Law as Co-Lead Counsel; and (3)

12

granting such other relief as the Court may deem to be just and proper. If the Court

does not choose to appoint the Investor Group on a group basis, the members

respectfully request to be considered individually.


Dated:  January 26, 2026                  Respectfully submitted,


                                          **THE SCHALL LAW FIRM**
                                          /s/Brian Schall
                                          Brian Schall (SBN 290685)
                                          2049 Century Park East, Suite 2460
                                          Los Angeles, CA 90067
                                          Telephone: (310) 301-3335
                                          Fax: (213) 519-5876
                                          Email: brian@schallfirm.com

                                          **THE ROSEN LAW FIRM, P.A.**
                                          Laurence M. Rosen, Esq. (SBN 219683)
                                          355 South Grand Avenue, Suite 2450
                                          Los Angeles, CA 90071
                                          Telephone: (213) 785-2610
                                          Facsimile: (213) 226-4684
                                          Email: lrosen@rosenlegal.com



                                          *[Proposed] Co-Lead Counsel for Co-Lead
                                          Plaintiffs and for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE INVESTOR
GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-
cv-11319-GW-AGR

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Patrick Gryson, Kevin O'Donnell, and Ronald Sofen certifies that this brief contains 1,931 words, which complies with the word limit of L.R. 11-6.1.

Executed on January 26, 2026.

/s/ Brian Schall
Brian Schall

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-cv-11319-GW-AGR

## CERTIFICATE OF SERVICE

I, Brian Schall, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Schall Law Firm, with offices at 2049 Century Park East, Suite 2460, Los Angeles, California 90067.  I am over the age of eighteen.

On January 26, 2026, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE INVESTOR GROUP FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on January 26, 2026.

/s/ Brian Schall
Brian Schall