Robert H. Gruber
**ROBERT GRUBER LAW**
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
(310) 496-7799
rgruber@reitergruber.com

*Local Counsel for Chad Skaggs and*
*Proposed Liaison Counsel for the Proposed Class*

[Additional Counsel on Signature Block]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WARREN HERN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDRIA REAL ESTATE EQUITIES, INC. PETER M. MOGLIA, MARC E. BINDA, and JOEL S. MARCUS,<br><br>Defendants. | Case No. 2:25-cv-11319-GW-AGR<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CHAD SKAGGS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF LEAD COUNSEL**<br><br>Judge:   George H. Wu<br>Date:    February 23, 2026<br>Time     8:30 a.m.<br>Crtrm:   9D |

Movant Chad Skaggs ("Skaggs") respectfully moves this court for appointment as lead plaintiff and approval of his choice of lead counsel pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act").

## PRELIMINARY STATEMENT

Presently pending in this district is the above-captioned securities class action (the "Action").  The Action is brought on behalf of all persons or entities (the "Class") who purchased or otherwise acquired Alexandria Real Estate Equities, Inc. ("Alexandria" or the "Company") securities between January 27, 2025 and October 27, 2025, inclusive (the "Class Period"). Plaintiff alleges violations of the Exchange Act by Defendants.

The PSLRA creates a rebuttable presumption that the Court should appoint as lead plaintiff the "person" that has the largest financial interest in the litigation and has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

Skaggs suffered a financial loss of $6,107.70 on his purchases of Alexandria securities during the Class Period. Skaggs believes he has the largest loss and, thus, the largest financial interest recoverable by the Class.  Accordingly, Skaggs believes he is the presumptive lead plaintiff in the Action.

Skaggs has also made a *prima facie* showing that he satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class and he will fairly and adequately represent the interests of the Class.  Like other class members, Skaggs bought Alexandria securities during the Class Period and suffered harm from

1

Defendants' alleged misstatements and omissions. Skaggs will also fairly and adequately represent the interests of the Class. Skaggs is 42 years old, lives in Alexandria, Louisiana, and currently works in law enforcement. Skaggs has been investing for over 10 years. Skaggs has no conflicts with other Class members. Skaggs also chose qualified counsel. Thus, Skaggs satisfies the PSLRA's Rule 23 requirements.

Accordingly, Skaggs respectfully requests that he be appointed as Lead Plaintiff, and that his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") and Robert Gruber Law ("Gruber Law") be approved as Lead Counsel and Liaison Counsel, respectively.

## SUMMARY OF ALLEGATIONS

According to the complaint, Alexandria is a real estate investment trust (REIT) specializing in life-science real estate with a focus on lab space, research facilities and offices for tenants in the pharmaceuticals, biotech, and agricultural technology industries.

Alexandria owns, operates and develops collaborative Megacampus™ ecosystems in life-science innovation cluster locations including Greater Boston, the San Francisco Bay Area, San Diego, Seattle, Maryland, and New York City.

Defendants provided investors with material information concerning Alexandria's expected revenue and FFO (funds from operations) growth for the fiscal year 2025, particularly as it related to the growth of the Company's real estate operations. Defendants' statements included, among other things, representations of confidence in the Company's lease activity, occupancy stability and ability to develop its tenant pipeline.

Plaintiff alleges that Defendants made misrepresentations concerning the state of its Long Island City ("LIC") property. In particular, Defendants allegedly

misrepresented that the leasing value of the LIC property as a life-science destination aligned with Alexandria's Megacampus™ strategy.

On October 27, 2025, after the market closed, Alexandria released below-expectation financial results for the third quarter of fiscal year 2025 and, in particular, cut its FFO guidance for the full-year 2025. The Company attributed the setback to lower occupancy rates, slower leasing activity and most notably, a real estate impairment charge of $323.9 million, $206 million of which was attributed to its LIC property.

On this news, Alexandria's stock price fell $14.93, or 19.17%, to close at $62.94 per share on October 28, 2025.

**ARGUMENT**

**I. THE COURT SHOULD APPOINT SKAGGS AS LEAD PLAINTIFF**

    **A. The Procedure Required by the PSLRA**

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B).

3

Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint…the most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

    i)    has either filed the complaint or made a motion in response to an Early Notice;

    ii)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Skaggs meets the foregoing criteria and is therefore entitled to the presumption of being the "most adequate plaintiff" to serve as Lead Plaintiff on behalf of the Class.

### B.    Skaggs Is the Most Adequate Plaintiff

Skaggs submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, believes that he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

#### 1.    Skaggs's Motion is Timely

On November 25, 2025, the Early Notice was published.  *See* Gruber Decl. Ex. A. Accordingly, putative class members had until January 24, 2026 to file any

4

motion for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class").[1] Skaggs has timely filed his Motion in response to the Early Notice. Additionally, Skaggs has filed a sworn certification pursuant to 15 U.S.C. § 78u-4(a)(2)(A) attesting to his review of the complaint in the Action and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Gruber Decl. Ex. B. Accordingly, Skaggs satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. Skaggs Believes He Has the Largest Financial Interest

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Skaggs suffered a loss of $6,107.70 in connection with his Class Period investments in Alexandria securities. *See* Gruber Decl. Ex. C. Skaggs is not aware of any other movant that has a greater financial interest than him in the Action. Accordingly, Skaggs believes he has the largest financial interest in this litigation and is the presumptive "most adequate plaintiff." *Id.*

### 3. Skaggs Satisfies the Requirements of Fed. R. Civ. P. 23

Once a movant has demonstrated that it has the largest financial interest, it need only make a *prima facie* showing it otherwise satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that]

---

[1] Because January 24, 2026 is a Saturday, the deadline is Monday, January 26, 2026.

the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage); *Kim v. Advanced Micro Devices, Inc.*, No. 5:18-cv-00321-EJD, 2018 WL 2866666, at *2 (N.D. Cal. June 11, 2018) ("When ruling on a motion for appointment as lead plaintiff, the main focus is on the typicality and adequacy requirements of Rule 23"). As detailed below, Skaggs readily satisfies the typicality and adequacy requirements of Rule 23.

### i.   Skaggs's Claims Are Typical of Those of the Class

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation omitted). Skaggs and all Class members purchased or otherwise acquired Alexandria securities and suffered damages as a result of these transactions due to Defendants' alleged misrepresentations and omissions.  Skaggs's claims arise from the same conduct as those of the other Class members and, thus, satisfy Rule 23's typicality requirement.

### ii.   Skaggs Will Adequately Represent the Class

The adequacy requirement is met if no conflicts exist between the Lead Plaintiff's and the Class' interests, and the representative's attorneys are qualified, experienced, and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (determining whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and whether "the representative plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class").

6

Skaggs is an adequate Lead Plaintiff.  Skaggs has identical interests to other members of the Class: to maximize recovery of a financial loss from Defendants suffered as a result of Defendants' alleged misstatements and omissions.  Skaggs's financial stake in the litigation gives him every incentive to vigorously pursue the interests of the Class.

Skaggs has further demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits.

## II. THE COURT SHOULD APPROVE SKAGGS'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Gruber Decl. Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, and Gruber Law as Liaison Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country and in this district. Some of the firm's most recent Lead Counsel appointments include *Indiana Public Retirement System v. Rivian Automotive, Inc.*, Case No. 2:24cv04556 (C.D. Cal.); *Zerbato v. AlloVir, Inc.*, Case No. 1:24cv10152 (D. Mass.); *Teroganesian v. Southwest Airlines Co. et al.*, Case No. 4:23cv00115 (S.D. Tex.); *In re Origin Materials, Inc. Securities Litigtion*, Case No. 2:23-cv-01816

7

(E.D. Cal.); *Ouranitsas v. Tupperware Brands Corporation et al.*, Case No. 6:23cv00511 (M.D. Fla.); *Saye v. NIO Inc. et al.*, Case No. 1:22cv07252 (S.D.N.Y.); *In re IronNet, Inc. Securities Litigation*, No. 1:22-cv-00449 (E.D. Va.); *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319 (C.D. Cal.); *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042 (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240 (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770 (E.D.N.Y.).

The National Law Journal has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2022, Bernstein Liebhard was listed for the sixteenth consecutive year in The Legal 500, a guide to the best commercial law firms in the United States, as well as in Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys for four consecutive years. Bernstein Liebhard was also selected to the National Law Journal's annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2015) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21-MC-92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Likewise, Gruber Law is eminently qualified to serve as local counsel. A graduate of Yale College and the UCLA School of Law, Robert Gruber has represented clients across a range of industries, including complex and securities class actions, since 2014. Prior to founding Robert Gruber Law, Mr. Gruber was associated with Greenberg Traurig, LLP and Glancy Prongay & Murray LLP.

## CONCLUSION

For the foregoing reasons, Skaggs respectfully requests that this Court: (1) appoint Skaggs as Lead Plaintiff on behalf of the proposed Class; and (2) appoint Bernstein Liebhard and Gruber Law as Lead and Liaison Counsel, respectively, for the litigation.

Dated: January 26, 2026            Respectfully submitted,

**ROBERT GRUBER LAW**

/s/ Robert H. Gruber
  Robert H. Gruber (Bar No. 301620)
  100 Wilshire Blvd., Ste. 700
  Santa Monica, CA 90401
  (310) 496-7799
  rgruber@reitergruber.com

*Local Counsel for Chad Skaggs and
Proposed Liaison Counsel for the
Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY  10016
(212) 779-1414 (phone)
(212) 779-3218 (fax)
lhasson@bernlieb.com
seidman@bernlieb.com

*Counsel for Chad Skaggs and
Proposed Lead Counsel for the
Proposed Class*

10

## PROOF OF SERVICE

I HEREBY CERTIFY that, on January 26, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 26, 2026.

/s/ Robert H. Gruber
Robert H. Gruber