POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
jpafiti@pomlaw.com
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190

*Counsel for Movants Menora Mivtachim
Insurance Ltd., Menora Mivtachim
Pensions and Gemel Ltd., and Menora
Mivtachim Vehistadrut Hamehandesim
Nihul Kupot Gemal Ltd. and Proposed
Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN HERN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDRIA REAL ESTATE EQUITIES, INC., *et al.*,<br><br>Defendants. | Case No. 2:25-cv-11319-GW (AGRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MENORA MIVTACHIM INSURANCE LTD., MENORA MIVTACHIM PENSIONS AND GEMEL LTD., AND MENORA MIVTACHIM VEHISTADRUT HAMEHANDESIM NIHUL KUPOT GEMAL LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>DATE: February 23, 2026<br>TIME: 8:30 a.m.<br>JUDGE: George H. Wu<br>CTRM: 9D |

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ..................................................................................1

II.     STATEMENT OF FACTS.........................................................................................4

III.    ARGUMENT...............................................................................................................5

        A.    MENORA SHOULD BE APPOINTED LEAD PLAINTIFF .....................5

              1.    Menora Is Willing to Serve as Class Representative .............................6

              2.    Menora Has the "Largest Financial Interest" ...........................................8

              3.    Menora Otherwise Satisfies Rule 23's Requirements..........................10

              4.    Menora Will Fairly and Adequately Represent the Interests of the
                    Class and Is Not Subject to Unique Defenses .......................................13

        B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
              APPROVED ..............................................................................................14

IV.     CONCLUSION........................................................................................................16

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Feyko v. Yuhe Int'l Inc.*,
   No. CV 11-05511 DDP (PJWx), 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ......3, 12

*Hessefort v. Super Micro Comput., Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018) ................................................................10

*In re AudioEye, Inc.*,
   CV-15-163-TUC-DCB, 2015 WL 13654027 (D. Ariz. Aug. 3, 2015) .................3, 13

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ...................................................................................9

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ...........9

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................9

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
   No. 07-02830, 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010) ...............................3

*In re Solar City Corp. Sec. Litig.*,
   No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ....................10

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ..........................................................................14

*Knox v. Yingli Green Energy Holding Co.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) ..................................................................9

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................8, 9

*Nicolow v. Hewlett Packard Co.*,
   No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) .............................9

*Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX),
   2001 WL 861694 (C.D. Cal. Apr. 26, 2001) .........................................................14

*Plumbers and Steamfitters Local 60 Pension Trust v. Meta Platforms, Inc. et al.*,
    No. 4:22-cv-01470 (N.D. Cal.) .................................................................................... 7, 13

*Richardson v. TVIA, Inc.*,
    No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ..................... 11

*Shenwick v. Twitter, Inc.*,
    No. 16-cv-05314-JST, 2016 WL 10672428 (N.D. Cal. Dec. 22, 2016) ................ 3, 13

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ..................................................................................... 12

*Tai Jan Bao v. SolarCity Corp.*,
    No. 14-CV-01435-BLF, 2014 WL 3945879 (N.D. Cal. Aug. 11, 2014) ................... 10

**<u>Statutes</u>**

15 U.S.C. § 78u-4 .........................................................................................................*passim*

Private Securities Litigation Reform Act of 1995 .......................................................*passim*

**<u>Rules</u>**

Fed. R. Civ. P. 23 .................................................................................................2, 5, 10, 11

Movants Menora Mivtachim Insurance Ltd. ("Menora Insurance"), Menora Mivtachim Pensions and Gemel Ltd. ("Menora Pensions & Gemel"), and Menora Mivtachim Vehistadrut Hamehandesim Nihul Kupot Gemal Ltd. ("Omega" and, collectively with Menora Insurance and Menora Pensions & Gemel, "Menora") respectfully submit this Memorandum of Points and Authorities in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Menora as Lead Plaintiff on behalf of a class (the "Class") consisting of all investors who purchased or otherwise acquired Alexandria Real Estate Equities, Inc. ("Alexandria" or the "Company") securities between January 27, 2025 to October 27, 2025, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I.    PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the defendants in the Action ("Defendants") defrauded investors in violation of the Exchange Act.  Alexandria investors, including Menora, incurred significant losses following the disclosures of the alleged fraud, which caused Alexandria's share price to fall sharply, damaging Menora and other Alexandria investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the litigation and that satisfies the relevant requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the Class Period, Menora: (1) purchased 956,120 shares of Alexandria common stock; (2) purchased 956,120 net shares of Alexandria common stock; (3) expended $80,952,616 in net funds on Alexandria common stock; and (4) as a result of the disclosures of the Defendants' alleged fraud, incurred losses of approximately $19,617,518.  *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") 1.  Accordingly, Menora believes that it has the largest financial interest in the relief sought in this litigation.

Beyond its considerable financial interest, Menora also meets the applicable requirements of Rule 23 because its claims are typical of those of absent Class members and it will fairly and adequately represent the interests of the Class.  As a sophisticated institutional investor with a significant financial interest in the litigation, Menora is a paradigmatic lead plaintiff under the PSLRA, and its appointment would thus advance the legislative purpose of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions."  H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733.  For this reason, courts in the Ninth Circuit strongly prefer the appointment of institutional investors to lead complex securities class actions.  *See, e.g.,*

*Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *3 (C.D. Cal. Mar. 2, 2012) (appointing institutional investor as lead plaintiff, finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms'" (quoting *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, *8 (W.D. Tenn. Dec. 15, 2010))); *Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) ("as an institutional investor, [movant] is likely to be an effective lead plaintiff"); *In re AudioEye, Inc.*, CV-15-163-TUC-DCB, 2015 WL 13654027, at *5-6 (D. Ariz. Aug. 3, 2015) (appointing as lead plaintiff "an institutional investor, which is precisely the kind of investor that Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions").

To fulfill its obligations as Lead Plaintiff and vigorously prosecute this litigation on behalf of the Class, Menora has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Menora respectfully requests that the Court enter an Order appointing Menora as Lead Plaintiff for the Class and approving its selection of Pomerantz as Lead Counsel for the Class.

## II.   STATEMENT OF FACTS

As alleged in the Complaint in the Action, Alexandria is a real estate investment trust specializing in life-science real estate with a focus on lab space, research facilities, and offices for tenants in the pharmaceutical, biotech, and agricultural technology industries.

Alexandria owns, operates, and develops collaborative "Megacampus" ecosystems in life-science innovation cluster locations including Greater Boston, the San Francisco Bay Area, San Diego, Seattle, Maryland, Research Triangle, and New York City.

Defendants provided investors with material information concerning Alexandria's expected revenue and funds from operations ("FFO") growth for the fiscal year 2025, particularly as it related to the growth of the Company's real estate operations. Defendants' statements included, among other things, confidence in the Company's lease activity, occupancy stability, and ability to develop its tenant pipeline.

Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the true state of Alexandria's Long Island City ("LIC") property; notably, the Company's claims and confidence about the leasing value of the LIC property as a life-science destination aligning with Alexandria's "Megacampus" strategy.

On October 27, 2025, after the market closed, Alexandria unveiled below-expectation financial results for the third quarter of fiscal year 2025 and, in particular, cut its FFO guidance for the full-year 2025. The Company attributed the setback to lower occupancy rates, slower leasing activity, and, most notably, a real estate impairment charge of $323.9 million with $206 million attributed to its LIC property.

Investors and analysts reacted immediately to Alexandria's revelations. Alexandria's common stock price declined dramatically. From a closing market price of $77.87 per share on October 27, 2025, Alexandria's stock price fell to $62.94 per share on October 28, 2025, a decline of about 19% in the span of just a single day.

## III. ARGUMENT

### A. MENORA SHOULD BE APPOINTED LEAD PLAINTIFF

Menora should be appointed Lead Plaintiff because it has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to its knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)-(II). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the

Notice, and to do so by the later of (1) 90 days after the date of publication or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B)(i)-(ii).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Menora satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    Menora Is Willing to Serve as Class Representative

On November 25, 2025, counsel for the plaintiff in the Action caused the statutorily required Notice to be published via *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Alexandria and other defendants, and advising investors in Alexandria securities that they had until

January 26, 2026—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* Pafiti Decl., Ex. 2.

Menora has filed the instant motion pursuant to the Notice, and it has submitted sworn Certifications, signed by representatives duly authorized to bind Menora and enter into litigation on its behalf,[1] attesting that Menora is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary.  *See id.*, Exs. 3-5.  Accordingly, Menora satisfies the first requirement to serve as Lead Plaintiff of the Class.

Menora is, in every respect, exactly the sort of well-managed, sophisticated institutional investor that Congress intended to fulfill the lead plaintiff role created by the PSLRA.  Menora Insurance, Menora Pensions & Gemel, and Omega are affiliates of Menora Holdings, a holding company based in Ramat Gan, Israel, which is among Israel's largest insurance and finance groups, with more than $70 billion in assets under management ("AUM").  Menora Insurance and Menora Pensions & Gemel are currently serving or have recently served as Lead Plaintiff or Co-Lead Plaintiffs in the PSLRA actions *In re Mylan N.V. Securities Litigation*, No. 1:16-cv-07926 (S.D.N.Y.) ("*Mylan*"), *Plumbers and Steamfitters Local 60 Pension Trust v. Meta Platforms, Inc. et al.*, No. 4:22-

---

[1] Menora's Certifications were each executed by Lior Yochpaz and Ran Kalmi, Menora Mivtachim Holdings Ltd.'s ("Menora Holdings") Chief Investment Officer and Chief Financial Officer, respectively.  These individuals have the authority to enter into this litigation on behalf of the Menora entities.

cv-01470 (N.D. Cal.) ("*Meta*"), *AMI - Government Employees Provident Fund Management Company Ltd. v. Alphabet Inc. et al.*, No. 3:23-cv-01186 (N.D. Cal.) ("*Alphabet*"), and *In re Adobe Inc. Securities Litigation*, No. 1:23-cv-09260 (S.D.N.Y.) ("*Adobe*").   Additionally, Omega is currently serving as Co-Lead Plaintiff alongside Menora Insurance and Menora Pensions & Gemel in the PSLRA action *In re Perion Network Ltd. Securities Litigation*, No. 1:24-cv-2860 (S.D.N.Y.) ("*Perion*").  Previously, Menora Insurance and Menora Pensions & Gemel served as Co-Lead Plaintiffs in the PSLRA action *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.) ("*Comverse*"), where they achieved a $225 million settlement on behalf of the Class.  Accordingly, Menora Insurance, Menora Pensions & Gemel, and Omega each have highly relevant experience serving as a Lead Plaintiff or Co-Lead Plaintiff in prior PSLRA actions.

### 2.    Menora Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class[.]"  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  To the best of its knowledge, Menora has the largest financial interest of any Alexandria investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the

number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).  In accord with other courts nationwide,[2] these so-called *Lax* factors have been adopted by courts in the Ninth Circuit.  *See Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (Internal quotation marks and citations omitted.)); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (same).  Of the *Lax* factors, courts in the Ninth Circuit generally emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 WL 792642, at *4.

During the Class Period, Menora: (1) purchased 956,120 shares of Alexandria common stock; (2) purchased 956,120 net shares of Alexandria common stock; (3) expended $80,952,616 in net funds on Alexandria common stock; and (4) as a result of the disclosures of the Defendants' alleged fraud, incurred losses of approximately $19,617,518.  *See* Pafiti Decl., Ex. 1.  As such, Menora believes that it possesses the largest

---

[2] *See In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

financial interest in the outcome of this litigation within the meaning of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Menora Otherwise Satisfies Rule 23's Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies Rule 23's requirements is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018); *Tai Jan Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF, 2014 WL 3945879, at *3 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Menora's claims are typical of those of the Class. Menora alleges, like other Class members, that the Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Alexandria, or by omitting to state material facts necessary to make the statements they did make not misleading. Menora, like other Class members, purchased Alexandria securities during the Class Period at prices alleged to have been artificially inflated by the Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Alexandria's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the

representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Menora is an adequate representative for the Class. Here, Menora has submitted sworn Certifications declaring its commitment to protecting the interests of the Class. *See* Pafiti Decl., Exs. 3-5. There is no evidence of antagonism or conflict between Menora's interests and those of the Class, and Menora's significant losses incurred as a result of the Defendants' alleged malfeasance demonstrates that it has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. Moreover, as set forth in greater detail below, in Pomerantz, Menora has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits its choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

As noted above, Menora is a sophisticated institutional investor with significant AUM. As such, its appointment would be consistent with the PSLRA's preference for the appointment of institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Indeed, courts in the Ninth Circuit strongly prefer the appointment of institutional investors to lead complex securities class actions. *See, e.g.*, *Feyko*, 2012 WL 682882, at *3 (appointing institutional investor as lead plaintiff,

finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms'" (quoting *Regions*, 2010 WL 5173851, *8)); *Shenwick*, 2016 WL 10672428, at *2 ("as an institutional investor, [movant] is likely to be an effective lead plaintiff"); *AudioEye*, 2015 WL 13654027, at *5-6 (appointing as lead plaintiff "an institutional investor, which is precisely the kind of investor that Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions"). Moreover, as discussed *supra* at pp. 7-8, Menora has highly relevant and significant litigation experience gained from serving as Lead Plaintiff or Co-Lead Plaintiff in other PSLRA actions, including *Mylan*, in which the court entered an order certifying the class and appointing Menora Insurance and Menora Pensions & Gemel as class representatives; *Comverse*, in which Menora Insurance and Menora Pensions & Gemel secured a substantial $225 million settlement in an action arising out of an alleged options backdating scheme; and *Perion*, *Meta*, *Alphabet*, and *Adobe*.

### 4. Menora Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring Menora's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interests of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Menora's ability and desire to fairly and adequately represent the Class has been discussed above.  Menora is not aware of any unique defenses the Defendants could raise that would render it inadequate to represent the Class.  Accordingly, Menora should be appointed Lead Plaintiff for the Class.

**B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.  *See id.* § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with a Lead Plaintiff's selection only when necessary to "protect the interests of the class" (*id.* § 78u-4(a)(3)(B)(iii)(II)(aa)).  *See Osher*, 2001 WL 861694, at *4 ("A court may reject the lead plaintiff's choice only if it is necessary to protect the interests of the class." (Internal quotation mark omitted.)); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))).

Here, Menora has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions, and has

successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Pafiti Decl., Ex. 6. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *Comverse* in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Menora's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Menora's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## IV.  CONCLUSION

For the foregoing reasons, Menora respectfully requests that the Court issue an Order: (1) appointing Menora as Lead Plaintiff for the Class; and (2) approving its selection of Pomerantz as Lead Counsel for the Class.

Dated: January 26, 2026

Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
jpafiti@pomlaw.com
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190

POMERANTZ LLP
Orly Guy
oguy@pomlaw.com
Eitan Lavie
eitan@pomlaw.com
HaShahar Tower
Ariel Sharon 4, 34th Floor
Givatayim, Israel 5320047
Telephone: +972 (0) 3 624 0240
Facsimile: +972 (0) 3 624 0111

*Counsel for Movants Menora Mivtachim Insurance Ltd., Menora Mivtachim Pensions and Gemel Ltd., and Menora Mivtachim Vehistadrut Hamehandesim Nihul Kupot Gemal Ltd. and Proposed Lead Counsel for the Class*

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Menora Mivtachim Insurance Ltd., Menora Mivtachim Pensions and Gemel Ltd., and Menora Mivtachim Vehistadrut Hamehandesim Nihul Kupot Gemal Ltd., certifies that this brief contains 3,701 words, which complies with the word limit of L.R. 11-6.1.

Executed on January 26, 2026.

/s/ *Jennifer Pafiti*
Jennifer Pafiti

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti
