**BLEICHMAR FONTI & AULD LLP**
Adam C. McCall (SBN 302130)
amccall@bfalaw.com
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Proposed Lead Plaintiff Stephen and Gloria Crouse,*
*and Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| WARREN HERN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDRIA REAL ESTATE EQUITIES, INC., PETER M. MOGLIA, MARC E. BINDA, and JOEL S. MARCUS, <br><br> Defendants. | Case No. 2:25-cv-11319-GHW-AGR <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF STEPHEN AND GLORIA CROUSE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL** <br><br> DATE: February 23, 2026 <br> TIME: 8:30 a.m. <br> COURTROOM: 9D <br> JUDGE: Hon. George H. Wu |

Proposed Lead Plaintiff Stephen and Gloria Crouse (the "Crouses") respectfully submit this memorandum of points and authorities in support of their motion for: (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (2) approval of their selection of Bleichmar Fonti & Auld LLP ("BFA") to serve as Lead Counsel for the Class; and (3) any such further relief as the Court may deem just and proper.

## I.   PRELIMINARY STATEMENT

The above captioned securities class action alleges Alexandria Real Estate Equities, Inc. ("Alexandria" or the "Company") and certain of its senior officers (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Specifically, the action alleges that between January 27, 2025 through October 27, 2025 (the "Class Period"), Defendants misrepresented the Company's lease activity, development tenant pipeline, and anticipated occupancy growth for its life-science properties, including its Long Island City, New York, property.

The PSLRA states that the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Crouses respectfully submit that they are the "most adequate plaintiff" by virtue of, among other things, the approximately $109,000 in losses they incurred on their investments in Alexandria securities during the Class Period. The Crouses also satisfy the relevant requirements of Rule

1

23 because their claims are typical of all members of the Class, and they will fairly and adequately represent the Class.  Indeed, the Crouses fully understand the Lead Plaintiff's obligations to the Class under the PSLRA and are willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action.  *See* Declaration of Adam C. McCall ("McCall Decl."), Ex. A.

The Crouses have further demonstrated their adequacy by selecting BFA, a law firm with substantial experience in successfully prosecuting complex securities class actions, to serve as Lead Counsel for the Class.  Accordingly, the Crouses respectfully request that the Court appoint them as Lead Plaintiff and otherwise grant their motion.

## II.    FACTUAL BACKGROUND

Alexandria is a real estate investment trust, specializing in life-science real estate with a focus on lab space, research facilities and offices for tenants in the pharmaceutical, biotech, and agricultural technology industries.  ¶ 20.[1]  Alexandria owns and operates collaborative "Megacampus" ecosystems in life science innovation cluster locations including Greater Boston, the San Francisco Bay Area, and New York City.  ¶ 21.

This case concerns Defendants' misrepresentations regarding the Company's lease activity, development tenant pipeline, and anticipated occupancy growth for its life-science properties, including its Long Island City property.  For instance, Defendants stated that leasing volume was "solid" and that the Company's pipeline was "well positioned to capture future demand when expansion needs arise."  ¶¶ 22, 24.  Defendant Moglia also stated the Company had an "existing tenant base that just loves our platform, loves our operations and has been very loyal," and that securing additional 2026 leases was "in pretty good shape."  ¶ 26.

---

[1] All citations to ¶ __ are to the Complaint, ECF No. 1, unless otherwise noted.

2

As alleged, in truth, Alexandria was experiencing lower occupancy rates and slower leasing activity such that it was required to take a real estate impairment charge of $323.9 million with $206 million attributed to its Long Island City property.

Investors began to learn the truth on October 27, 2025, when Alexandria revealed below-expectation financial results for the third quarter of fiscal year 2025 and, in particular, cut its funds from operations guidance for the full-year 2025. ¶¶ 4, 37, 38. The Company attributed the setback to lower occupancy rates, slower leasing activity and most notably, a real estate impairment charge of $323.9 million with $206 million attributed to its Long Island City property. *Id.* On this news, the price of the Company's stock declined $14.93 per share, or roughly 19%, from $77.87 per share on October 27, 2025, to $62.94 per share on October 28, 2025. ¶ 42.

## III.   ARGUMENT

### A.   The Crouses Should Be Appointed Lead Plaintiff

The Crouses respectfully submit that they should be appointed Lead Plaintiff because they are the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . . . process for identifying the lead plaintiff pursuant to these criteria"). Here, the Crouses believe that they are the presumptively "most adequate plaintiff" because they: (1) complied with the PSLRA's procedural requirements; (2) believe they assert the largest financial interest in the relief sought by the Class; and (3) satisfy Rule 23's typicality and adequacy requirements.

### 1.    The Crouses Satisfied the PSLRA's Procedural Requirements

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days after publication of notice of the pendency of the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  On November 25, 2025, Plaintiff Warren Hern filed the action.  On the same day, counsel for Mr. Hern published a notice on *GlobeNewswire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by January 26, 2026.  *See* McCall Decl. Ex. B.  As such, the Crouses' motion is timely.

### 2.    The Crouses Believe They Have the Largest Financial Interest in the Relief Sought By the Class

The Crouses believe that they have the "largest financial interest in the relief sought by the Class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  The Crouses incurred a loss of approximately $109,000 on their investments in Alexandria securities during the Class Period.[2]

To the best of the Crouses' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation. Accordingly, the Crouses believe they have the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[2] In addition to losses, courts often consider various other metrics, including what are typically referred to as "*Lax* factors," to further analyze a movant's financial interest when warranted.  *See Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at \*5 (N.D. Ill. Aug. 11, 1997) (identifying (1) total number of shares purchased; (2) number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered, as four factors for courts to consider when determining the largest financial interest).  The Crouses' PSLRA certifications and loss calculations provide the necessary trading information to calculate their financial interest under all possible metrics, including recoverable losses, and do not presuppose that there is only one valid methodology.  *See* McCall Decl. Exs. C-D.

4

### 3.     The Crouses Otherwise Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, the Crouses also otherwise satisfy the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant need only make a "preliminary showing" that it satisfies the typicality and adequacy requirements of Rule 23. *Schaub v. Mullen Auto., Inc.*, 2022 WL 18277984, at *1, n.2 (C.D. Cal. Aug. 4, 2022). The Crouses satisfy both requirements.

The Crouses' claims are typical of the claims of other purchasers of Alexandria securities. To make a prima facie showing of typicality, a moving plaintiff should establish that its claims are "reasonably co-extensive with those of absent class members[.]" *Id*. at *2. Here, like all other Class members, the Crouses: (1) purchased Alexandria securities during the Class Period; (2) purchased at prices artificially inflated by Defendants' materially false and misleading statements and omissions; and (3) were damaged thereby. *See Farhar v. Ontrak, Inc.*, 2021 WL 2980589, at *4 (C.D. Cal. July 13, 2021) (typicality satisfied when "like all members of the class, [movant] purchased [company's] securities during the designated class period and alleges losses as a result of those transactions"). As such, the Crouses satisfy the typicality requirement.

The Crouses also satisfy the adequacy requirement of Rule 23. The adequacy inquiry focuses on whether the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Representation by a lead plaintiff is 'adequate' when class counsel is qualified and competent to prosecute the action vigorously, and the representative does not have 'antagonistic or conflicting interests with the unnamed members of the class.'" *Schaub*, 2022 WL 18277984, at *2 (internal citation omitted). The Crouses satisfy these elements because their substantial financial stake in the litigation provides them with the incentive to vigorously represent the Class' claims and oversee counsel. The

Crouses' interests are aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between the Crouses and other Class members.

Indeed, the Crouses have committed to discharge their obligations as Lead Plaintiff under the PSLRA to oversee and supervise the litigation separate and apart from counsel, and submitted a sworn declaration as to their willingness and ability to fulfill those duties. *See* McCall Decl., Ex. A. What's more, the Crouses' declaration provides the Court with additional information supporting their bona fides, including explaining who they are, that they are a married couple with considerable investing experience, and given their substantial financial interest in the litigation, that they intend to continue to actively oversee counsel, review pleadings and motion papers, participate in discovery, and confer with counsel regarding litigation strategy. *Id.* ¶¶ 3-11.

Finally, the Crouses have demonstrated their adequacy through their selection of BFA to serve as Lead Counsel to represent the Class in this action. As discussed more fully below, BFA is highly qualified and experienced in the area of securities class actions and has repeatedly demonstrated an ability to conduct complex securities actions effectively.

**B.     The Crouses Selected Well Qualified Counsel**

Under the PSLRA, the Lead Plaintiff is given the right, "subject to the approval of the court," to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).

BFA is among the foremost securities class action law firms in the country. BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of

investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* McCall Decl. Ex. E. For example, BFA recently achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Industries Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.). BFA also recently secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, No. 3:19-cv-04744-WHA (N.D. Cal.). Previously, BFA secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Securities Litigation*, No. 1:11-cv-07866-VM (S.D.N.Y.), as well as a $120 million recovery in *Freedman v. Weatherford International Ltd.*, No. 1:12-cv-02121-LAK (S.D.N.Y.). BFA also secured a $219 million resolution in *In re Genworth Financial, Inc. Securities Litigation*, 3:14-cv-00682-JAG (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia. Thus, the Court may be assured that by granting this motion, the proposed Class will receive the highest caliber of legal representation.

## IV.     CONCLUSION

For the foregoing reasons, the Crouses respectfully request that the Court: (1) appoint them as Lead Plaintiff; (2) approve their selection of BFA as Lead Counsel; and (3) grant any such further relief as the Court may deem just and proper.

Dated: January 26, 2026                Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

*/s/ Adam C. McCall*
Adam C. McCall (SBN 302130)
amccall@bfalaw.com
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003

7

Facsimile: (415) 445-4020

*Counsel for Proposed Lead Plaintiff Stephen and Gloria Crouse, and Proposed Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES
CASE No. 2:25-cv-11319-GHW-AGR

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Crouses, certifies that this brief contains 2,086 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 26, 2026                    */s/ Adam C. McCall*
                                           Adam C. McCall

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2026, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

/s/ Adam C. McCall
Adam C. McCall

MEMORANDUM OF POINTS AND AUTHORITIES
CASE No. 2:25-cv-11319-GHW-AGR