POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
jpafiti@pomlaw.com
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190

*Counsel for Movants Menora Mivtachim Insurance Ltd., Menora Mivtachim Pensions and Gemel Ltd., and Menora Mivtachim Vehistadrut Hamehandesim Nihul Kupot Gemal Ltd. and Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN HERN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDRIA REAL ESTATE EQUITIES, INC., *et al.*,<br><br>Defendants. | Case No. 2:25-cv-11319-GW (AGRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF MENORA MIVTACHIM INSURANCE LTD., MENORA MIVTACHIM PENSIONS AND GEMEL LTD., AND MENORA MIVTACHIM VEHISTADRUT HAMEHANDESIM NIHUL KUPOT GEMAL LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS**<br><br>DATE: February 23, 2026<br>TIME: 8:30 a.m.<br>JUDGE: George H. Wu<br>CTRM: 9D |

# **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ...................................................................................1

II.   ARGUMENT .............................................................................................................4

    A.    MENORA SHOULD BE APPOINTED LEAD PLAINTIFF ......................4

        1.    Menora Has the "Largest Financial Interest" ...........................................4

        2.    Menora Satisfies Rule 23's Applicable Requirements...........................5

    B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ...........................................................................................................9

    C.    THE COMPETING MOTIONS SHOULD BE DENIED ......................10

III.  CONCLUSION..........................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Feyko v. Yuhe Int'l Inc.*,
No. CV 11-05511 DDP (PJWx), 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) .........3, 7

*Harari v. PriceSmart, Inc.*,
No. 19-CV-958 JLS (LL), 2019 WL 4934277 (S.D. Cal. Oct. 7, 2019)......................6

*In re AudioEye, Inc. Sec. Litig.*,
CV-15-163-TUC-DCB, 2015 WL 13654027 (D. Ariz. Aug. 3, 2015) ........................7

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ................................................................................4, 5

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
No. 07-02830, 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010)..................................3

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
311 F.R.D. 373 (S.D.N.Y. 2015) ...............................................................................9

*Karinski v. Stamps.com, Inc.*,
No. CV 19-1828-R, 2019 WL 8013753 (C.D. Cal. June 5, 2019)..........................3, 6

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...................................................................1, 5

*Nicolow v. Hewlett Packard Co.*,
No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013)................................2

*Osher v. Guess?, Inc.*,
No. CV01-00871LGB(RNBX), 2001 WL 861694 (C.D. Cal. Apr. 26, 2001) .............9

*Richardson v. TVIA, Inc.*,
No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ...................2, 5

*Shenwick v. Twitter, Inc.*,
No. 16-cv-05314-JST, 2016 WL 10672428 (N.D. Cal. Dec. 22, 2016) ......................7

*Vataj v. Johnson*,
No. 19-CV-06996-HSG, 2020 WL 532981 (N.D. Cal. Feb. 3, 2020) .................2, 5, 6

**<u>Statutes</u>**

15 U.S.C. § 78u-4.................................................................................................1, 4, 5, 8

Private Securities Litigation Reform Act of 1995 ....................................................*passim*

**<u>Rules</u>**

Fed. R. Civ. P. 23 ...................................................................................................*passim*

Movant Menora[1] respectfully submits this Memorandum of Points and Authorities in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Pomerantz as Lead Counsel (Dkt. No. 29); and in opposition to the competing motions of: (i) Lawrence Galladay ("Galladay") (Dkt. No. 17); (ii) Patrick Gryson, Kevin O'Donnell, and Ronald Sofen (collectively, the "Investor Group") (Dkt. No. 21); (iii) Chad Skaggs ("Skaggs") (Dkt. No. 25); and (iv) Stephen and Gloria Crouse (the "Crouses") (Dkt. No. 33).[2]

## I.    PRELIMINARY STATEMENT

This Action is a putative class action securities fraud lawsuit on behalf of investors in Alexandria securities.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant or group of movants with the largest financial interest in the outcome of the Action that also satisfies Rule 23's applicable requirements.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Menora, which incurred losses of approximately ***$19.62 million*** in connection with its Class Period transactions in Alexandria securities.  *See Knox*

---

[1] All capitalized terms herein are defined in Menora's moving brief, unless otherwise indicated. *See* Dkt. No. 30.

[2] Initially, one other putative Class member, Mitchell Lvovsky, individually and on behalf of Premium Coastal Investments LLC and ALM Sababa Investments LLC (collectively "Lvovsky"), filed a similar competing motion. *See* Dkt. No. 13.  On January 27, 2026, Lvovsky withdrew his competing motion. *See* Dkt. No. 37.

*v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (finding "'approximate losses suffered'" is the most determinative measure of largest financial interest within the meaning of the PSLRA (quoting *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007))); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (same). The table below sets forth Menora's financial interest as compared to that claimed by the competing movants:

| Movant | Loss |
|---|---|
| Menora | $19,617,518 |
| The Investor Group | $275,869 |
| The Crouses | $109,000 |
| Galladay | $71,582 |
| Skaggs | $6,108 |

As the above table reflects, Menora's loss dwarfs that claimed by all competing movants ***combined***. As such, it cannot reasonably be disputed that Menora has alleged the largest financial interest in this Action.

In addition to its massive financial interest in the outcome of this litigation, Menora also strongly satisfies Rule 23's typicality and adequacy requirements. Menora's claims in this Action are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Vataj v. Johnson*, No. 19-CV-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020). Menora is aware of no conflict between its interests and those of the Class, its losses incurred as a result of the Defendants' alleged

fraud gives it a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, and in Pomerantz, Menora has retained qualified and experienced counsel. *See Karinski v. Stamps.com, Inc.*, No. CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019).

Moreover, as a sophisticated institutional investor with a significant financial interest in the Action, Menora is a paradigmatic lead plaintiff whose appointment would advance the PSLRA's goal of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions." H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; *see also Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *3 (C.D. Cal. Mar. 2, 2012) (appointing institutional investor as lead plaintiff, finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms'" (quoting *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, *8 (W.D. Tenn. Dec. 15, 2010))). Indeed, as discussed more fully in its moving brief, Menora has served as a lead plaintiff or co-lead plaintiff in prior PSLRA actions and, through its prosecution of these actions, has developed considerable, highly relevant experience and appreciation for a lead plaintiff's responsibilities under the PSLRA. *See* Dkt. No. 30 at 7-8.

For the reasons set forth herein, Menora respectfully submits that its motion should be granted in its entirety and that the competing motions should be denied.

## II.    ARGUMENT

### A.    MENORA SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant or group of movants that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23[.]"  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant with the largest financial interest need only make a *prima facie* showing at this stage that it satisfies Rule 23's typicality and adequacy requirements.  *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002).  Once this presumption is triggered, it may be rebutted only upon "***proof***" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). Here, the most adequate Class representative is Menora.

### 1.    Menora Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class[.]"  *Id.* § 78u-4(a)(3)(B)(iii)(I)(bb).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in the Ninth Circuit, including this District specifically, recognize that the amount of financial loss is the most significant

factor to be considered. *See, e.g., Knox*, 136 F. Supp. 3d at 1163 (finding "'approximate losses suffered'" is the most determinative measure of largest financial interest within the meaning of the PSLRA (quoting *Richardson*, 2007 WL 1129344, at \*4)); *Nicolow*, 2013 WL 792642, at \*4 ("The weight of authority puts the most emphasis on the competing movants' estimated losses[.]").

Under the foregoing analysis, no competing movant seeking appointment as Lead Plaintiff in this Action has a larger financial interest in this litigation than Menora. As the chart at p. 2 reflects, Menora incurred an approximate ***$19.62 million*** loss as a result of the fraud alleged in this Action (*see* Dkt. No. 31-1 at \*2)—significantly larger than the losses claimed by all competing movants ***combined***. As such, Menora clearly possesses the largest financial interest in the outcome of this litigation within the meaning of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2.    Menora Satisfies Rule 23's Applicable Requirements

In addition to possessing the largest financial interest in the outcome of this litigation, Menora has also made the requisite *prima facie* showing that it satisfies Rule 23's typicality and adequacy requirements. *See Cavanaugh*, 306 F.3d at 730-31.

First, Menora satisfies Rule 23(a)(3)'s typicality requirement because its claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Vataj*, 2020 WL 532981, at \*3. Menora alleges, like other Class members, that the Defendants violated the Exchange Act by making what they

knew or should have known were false or misleading statements of material facts concerning Alexandria, or by omitting to state material facts necessary to make the statements they did make not misleading.  Menora, like other Class members, purchased Alexandria securities during the Class Period at prices alleged to have been artificially inflated by the Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Alexandria's share price downward.  These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy Rule 23(a)(3)'s typicality requirement.  *See Vataj*, 2020 WL 532981, at *3.

Second, Menora satisfies Rule 23(a)(4)'s adequacy requirement because its interests are aligned with those of the Class, it is incentivized to prosecute this litigation vigorously on behalf of the Class, and it has retained counsel for the Class that is qualified and competent.  *See Karinski*, 2019 WL 8013753, at *1; *Harari v. PriceSmart, Inc.*, No. 19-CV-958 JLS (LL), 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019).  There is no evidence of antagonism or conflict between Menora's interests and those of the Class, its considerable monetary loss incurred as a result of the alleged fraud gives it a sufficient stake in the outcome of this Action to ensure vigorous advocacy on behalf of the Class, it has submitted sworn Certifications, signed by representatives duly authorized to bind it and enter into litigation on its behalf,[3] declaring Menora's commitment to protecting the

---

[3] *See* Dkt. No. 30 at 7 n.1.

interests of the Class (*see* Dkt. Nos. 31-3, 31-4, 31-5), and as detailed *infra* and in its moving brief (*see* Dkt. No. 30 at 14-15), Menora has retained counsel that is highly experienced in vigorously and efficiently prosecuting securities class actions like this Action.

Moreover, because Menora is a sophisticated institutional investor with a significant financial interest in the Action, its appointment would be consistent with the PSLRA's preference for appointing institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Indeed, courts in the Ninth Circuit, including this District specifically, strongly prefer to appoint institutional investors to lead complex securities class actions. *See, e.g.*, *Feyko*, 2012 WL 682882, at *3 (appointing institutional investor as lead plaintiff, finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms'" (quoting *Regions*, 2010 WL 5173851, *8)); *Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) ("as an institutional investor, [movant] is likely to be an effective lead plaintiff"); *In re AudioEye, Inc. Sec. Litig.*, CV-15-163-TUC-DCB, 2015 WL 13654027, at *5-6 (D. Ariz. Aug. 3, 2015) (appointing as lead plaintiff "an institutional investor, which is precisely the kind of investor that Congress sought to encourage to assume a more

prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions").

Further, Menora has gained considerable, highly relevant experience from serving as a lead plaintiff or co-lead plaintiff in prior PSLRA actions, including *Comverse*, in which Menora Insurance and Menora Pensions & Gemel secured a substantial $225 million settlement in an action arising out of an alleged options backdating scheme; *Mylan*, in which the court entered an order certifying the class and appointing Menora Insurance and Menora Pensions & Gemel as class representatives; and *Perion*, *Meta*, *Alphabet*, and *Adobe*. *See* Dkt. No. 30 at 7-8. Through its prosecution of these actions, Menora has developed considerable relevant experience and appreciation for a lead plaintiff's responsibilities under the PSLRA.

*****

Because Menora has the largest financial interest of any competing lead plaintiff movant in the relief sought by the Class and otherwise satisfies Rule 23's applicable requirements, it is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA. To overcome the strong presumption entitling Menora to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that Menora is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

## B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the Court's approval. *See id.* § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's choice if necessary to "protect the interests of the class" (*id.* § 78u-4(a)(3)(B)(iii)(II)(aa)). *See Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001) ("A court may reject the lead plaintiff's choice only if it is necessary to protect the interests of the class." (Internal quotation mark omitted.)); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))).

Here, Menora has selected and retained Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. No. 31-6. Thus, the Court may be assured that by approving Menora's selection of counsel, Class members will receive the best legal representation available.

## C.  THE COMPETING MOTIONS SHOULD BE DENIED

Given that Menora has the largest financial interest in the relief sought by the Class among the competing movants, it is self-evident that no competing movant can satisfy the PSLRA's first criterion for appointment as Lead Plaintiff.  This fact alone mandates denial of the competing motions filed by Galladay (Dkt. No. 17), the Investor Group (Dkt. No. 21), Skaggs (Dkt. No. 25), and the Crouses (Dkt. No. 33).

## III.  CONCLUSION

For the foregoing reasons, Menora respectfully requests that the Court issue an Order: (1) appointing Menora as Lead Plaintiff for the Class; and (2) approving its selection of Pomerantz as Lead Counsel for the Class.

Dated: February 2, 2026                    Respectfully submitted,

                                           POMERANTZ LLP

                                           */s/ Jennifer Pafiti*
                                           Jennifer Pafiti (SBN 282790)
                                           jpafiti@pomlaw.com
                                           1100 Glendon Avenue, 15th Floor
                                           Los Angeles, California 90024
                                           Telephone: (310) 405-7190

                                           POMERANTZ LLP
                                           Orly Guy
                                           oguy@pomlaw.com
                                           Eitan Lavie
                                           eitan@pomlaw.com
                                           HaShahar Tower
                                           Ariel Sharon 4, 34th Floor
                                           Givatayim, Israel 5320047
                                           Telephone: +972 (0) 3 624 0240

Facsimile: +972 (0) 3 624 0111

*Counsel for Movants Menora Mivtachim Insurance Ltd., Menora Mivtachim Pensions and Gemel Ltd., and Menora Mivtachim Vehistadrut Hamehandesim Nihul Kupot Gemal Ltd. and Proposed Lead Counsel for the Class*

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Menora Mivtachim Insurance Ltd., Menora Mivtachim Pensions and Gemel Ltd., and Menora Mivtachim Vehistadrut Hamehandesim Nihul Kupot Gemal Ltd., certifies that this brief contains 2,267 words, which complies with the word limit of L.R. 11-6.1.

Executed on February 2, 2026.

/s/ *Jennifer Pafiti*
Jennifer Pafiti

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti